**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

| | |
|---|---|
| DARREN A. BRITTO, GABRIEL A. TAUSCHER, and SHAWN M. KROLL, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES, <br><br> Defendant. | Case No. 2:23-cv-00019-Z |

<u>**CMMG INC.'s BRIEF IN SUPPORT OF MOTION TO INTERVENE**</u>

Pursuant to Local Civil Rule 7.1(d), CMMG, Inc. ("CMMG") hereby submits its Brief in Support of its Motion to Intervene.

**INTRODUCTION AND BACKGROUND**

For more than a decade, the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") authorized the public to use pistol stabilizing braces, a popular firearms accessory, without federal regulation. During that time, ATF repeatedly issued letter rulings assuring manufacturers and the public that attaching a stabilizing brace would not alter the classification of a pistol or other firearm. As a result, millions of Americans have for years lawfully purchased stabilizing braces and pistols equipped with stabilizing braces from authorized, legitimate manufacturers with ATF's full knowledge and express approval.

Then everything changed. Frustrated with congressional inaction, the President of the United States ordered ATF to abandon a decade of practice under an established statutory framework and "to treat pistols modified with stabilizing braces" as "subject to the National Firearms Act." Remarks on Gun Violence Prevention Efforts, 2021 Daily Comp. Pres. Doc. 298, at 3 (Apr. 8, 2021). This "change," the President said, would require an owner of a pistol equipped

with a stabilizing brace to "pay a $200 fee and submit their name and other identifying information to the Justice Department" or face criminal penalties. *Ibid.*

On January 31, 2023, ATF issued Factoring Criteria for Firearms with Attached "Stabilizing Braces," 88 Fed. Reg. 6,478 (Jan. 31, 2023) (the "Rule"), which is the subject of this lawsuit. The Rule effects a reversal of ATF's longstanding position that the agency acknowledges will immediately subject 99% of pistols equipped with stabilizing braces to onerous National Firearms Act ("NFA") controls. Indeed, the agency issued together with the Rule dozens of arbitrary adjudications that for the first time subjected many popular weapons and platforms to the NFA. According to ATF, the Rule will result in the destruction or forfeiture of over 750,000 firearms and will cost the private sector somewhere between two and five billion dollars. The Rule will also require millions of Americans to choose between the loss of their lawful (and lawfully acquired) firearms, the loss of their privacy, and the risk of criminal penalties.

Incredibly, ATF now claims that this result was required all along. But a plain reading of the statutory language, paired with an understanding of Congress's purposes in enacting it, reveals that a pistol or other firearm equipped with a stabilizing brace is excluded from the applicable definitions set forth in the NFA (as well as the Gun Control Act, or "GCA"). Congress enacted the NFA to regulate "sawed-off guns" favored by criminal "gangster[s]" for concealability and indiscriminate accuracy, and left "without any restriction" "pistols and revolvers and sporting arms." H.R. Rep. No. 73-1780 (1934). The Rule, by contrast, regulates pistols and other firearms based on accessories designed as orthotics that make pistols *less* concealable, ***more*** accurate, and ***less*** dangerous, thereby undermining public safety. That approach is unambiguously foreclosed by the text, history, and purpose of the NFA and GCA.

If the Court disagrees, then the statutes are at least ambiguous, and the rule of lenity

applies.  For more than a decade, ATF maintained in repeated letter rulings and in criminal prosecutions around the country that attaching a stabilizing brace would not alter the classification of a pistol or other firearm.  Now, ATF claims that pistols with stabilizing braces have always and unambiguously been covered by the NFA.  If the agency charged with administering the statute believed *for years* that pistols equipped with stabilizing braces are not subject to NFA controls and now holds the opposite, application of the statute to such braces must at a minimum be grievously ambiguous.  *See, e.g.*, *Cargill v. Garland*, 57 F.4th 447, 469–71 (5th Cir. 2023) (applying rule of lenity to prevent NFA and GCA regulation of bump stocks).  Lenity thus demands that the Rule be set aside to protect CMMG and the individuals that filed this suit from the threat of criminal liability imposed by administrative fiat.

Furthermore, the Rule and the accompanying adjudications are arbitrary and capricious on multiple counts.  The Rule provides an incoherent and unworkable standard for shouldering, and the adjudications are unaccompanied by any reasoned explanation.

CMMG—a firearms manufacturer for which braced pistols account for 85% of its firearms sales—seeks here to intervene to file a preliminary injunction motion to strike down ATF's unlawful Rule.

## LEGAL STANDARD

Federal Rule of Civil Procedure 24(a) establishes the legal criteria for intervention as a matter of right:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2); *see In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 247 (5th Cir. 2009).

Alternatively, Rule 24(b) authorizes permissive intervention when the movant timely raises "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24 (b)(3).

The Fifth Circuit has expressed a "broad policy favoring intervention" and indicated that Rule 24 should be "liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565, 569 (5th Cir. 2016) (citation omitted). Any doubts should be "resolved in favor of the proposed intervenor." *In re Lease Oil Antitrust Litig.*, 570 F.3d at 248.

## ARGUMENT

### I.   THE COURT SHOULD GRANT CMMG INTERVENTION AS OF RIGHT

CMMG is entitled to intervention as of right. In this Circuit, a putative Rule 24(a) intervenor "must show that (1) the application was timely; (2) that it has an interest relating to the property or transaction which is the subject of the action; (3) that it is so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest; and, finally, (4) that its interest is inadequately represented by the existing parties to the suit." *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1017 (5th Cir. 2022) (cleaned up). CMMG meets its burden.

#### A.   CMMG's Motion Is Timely

"Timeliness is to be determined from all the circumstances." *Ibid.* In determining whether a motion to intervene is timely, courts in this Circuit examine four factors:

(1) The length of time during which the would-be intervenor actually knew or reasonably should have known of its interest in the case before it petitioned for leave to intervene; (2) the extent of the prejudice that the existing parties to the litigation may suffer as a result of the would-be intervenor's failure to apply for

intervention as soon as it knew or reasonably should have known of its interest in the case; (3) the extent of the prejudice that the would-be intervenor may suffer if intervention is denied; and (4) the existence of unusual circumstances militating either for or against a determination that the application is timely.

*In re Lease Oil Antitrust Litig.*, 570 F.3d at 247–48 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263–66 (5th Cir. 1977)).

CMMG's Motion is prompt.  Plaintiffs filed their Motion for Preliminary Injunction on February 7, 2023, and the Government has not yet responded.  CMMG timely files its Motion to Intervene and Proposed Motion for Preliminary Injunction within ten days of Plaintiffs' Motion. The few days of intervening time is more than reasonable, considering the Rule at issue was published January 31, 2023.  *See Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) (finding a five-month delay reasonable).  Neither Plaintiffs nor the Government will be prejudiced as CMMG has not delayed and seeks the same ultimate relief as Plaintiffs—that is, to have the Rule held unlawful and set aside.  5 U.S.C. § 706; *see also Sierra Club v. Espy*, 18 F.3d 1202, 1206 (5th Cir. 1994). ("prejudice must be measured by the delay in seeking intervention, not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.").

CMMG will be substantially prejudiced if it is not permitted to intervene now.  As set forth in the declaration attached to the Proposed Motion for Preliminary Injunction, CMMG is sustaining lost revenue, compliance costs, reputational harm, and faces the risk of having to close its doors for good.  The Rule is unlawful and should be preliminarily enjoined while this litigation proceeds, as Plaintiffs have already explained and as CMMG sets forth in its Proposed Motion for Preliminary Injunction.  Furthermore, because some courts in this district have held that preliminary relief only applies to the parties before the Court, *see VanDerStok v. Garland*, No.

4:22-CV-00691-O, 2022 WL 4809376, at *10 (N.D. Tex. Oct. 1, 2022), CMMG will be prejudiced if it is not permitted to intervene and set forth its arguments at this preliminary stage.

Finally, no unusual circumstances exist which would militate against a determination that the application is timely. Thus, this Court should find that CMMG's intervention is timely.

### B.     CMMG Has an Established Interest Relating to This Action

CMMG has "a 'direct, substantial, legally protectable interest in the proceedings.'" *Field*, 35 F.4th at 1018 (citation omitted). "Property interests are the quintessential rights Rule 24(a) protects, but [the Fifth Circuit] ha[s] made clear that Rule 24(a)(2) does not require 'that a person must possess a pecuniary or property interest to satisfy the requirement of Rule 24(a)(2).'" *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (citation omitted). Rather, it is enough that the movant has a "stake in the matter" beyond a "generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015).

CMMG easily satisfies this standard. CMMG manufactures firearms and firearm accessories. Reinkemeyer Declaration ("Decl.") ¶ 3. Approximately 45 percent of CMMG's revenues are attributable to AR-15 pistols that CMMG sells equipped with pistol stabilizing braces. Decl. ¶ 5. After ATF made the Rule public, revenues from sales of pistols designed to be affixed with stabilizing braces ceased. *Ibid*. In the last 15 days, CMMG has had approximately $300,000 in returned product and approximately $500,000 in cancelled orders, as customers are understandably reluctant to purchase items that impose significant burdens on owners, to include requiring individuals to register firearms with the federal government. Decl. ¶ 17. Since the Notice became public in early 2021, the company has been forced to reduce the number of full-time employees by 7%. Decl. ¶ 13. The company anticipates an additional 15-20% reduction in the next 3-6 months. *Id*. In addition, CMMG currently holds approximately $4,000,000 in obsolete

6

inventory following the ruling.  Decl. ¶ 18.  Because these harms are directly attributable to the

Rule at issue in this litigation, CMMG has "a 'direct, substantial, legally protectable interest in the

proceedings.'"  *Field*, 35 F.4th at 1018.

### C.    CMMG's Interest Will Be Impaired If CMMG Is Not Allowed to Intervene

"Regarding the third element, 'though the impairment must be "practical" and not merely

"theoretical," the intervenor need only show that if it cannot intervene, there is a possibility that

its interest could be impaired or impeded.'"  *Ibid.* at 1020 (quoting *La Union del Pueblo Entero*,

29 F.4th at 307) (alterations accepted).

Again, CMMG easily satisfies this standard.  As explained, some courts in this District

have held that preliminary relief only applies to the parties before the Court.  *See VanDerStok*,

2022 WL 4809376, at *10.  Thus, if the Rule is preliminarily enjoined as to Plaintiffs but not as to

CMMG, CMMG will suffer immediate and irreparable injury.  *See* Decl. ¶¶ 8–21.

Furthermore, CMMG desires to bring to the attention of the Court additional arguments

not already brought to its attention by Plaintiffs that may be of considerable help to the Court as it

considers the scope of ATF's statutory authorities and whether its actions were arbitrary and

capricious.  Because "[t]he very purpose of intervention is to allow interested parties to air their

views so that a court may consider them before making potentially adverse decisions[,]" this Court

should find that CMMG's interests in this action would be impaired if it is barred from intervening.

*Brumfield v. Dodd*, 749 F.3d 339, 344–45 (5th Cir. 2014).

### D.    CMMG's Interest Is Not Adequately Represented by Plaintiffs

A movant satisfies the fourth prong if it "shows that representation of [its] interest 'may

be' inadequate."  *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996) (citing *Trbovich*

*v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).  "[T]he burden of making that

showing should be treated as minimal." *Ibid.* "The [intervenor] 'need not show that the representation by existing parties will be, for certain, inadequate,' but instead that it *may* be inadequate." *La Union del Pueblo Entero*, 29 F.4th at 307–08 (citation omitted).

CMMG's interests are not adequately represented by Plaintiffs. Plaintiffs are individuals asserting a Second Amendment right to keep bear pistols equipped with stabilizing braces. CMMG, by contrast, manufactures AR-15 pistols and sells them equipped with stabilizing braces, and seeks to invalidate the Rule under the Administrative Procedure Act ("APA") in order to protect the future of its business. Because CMMG's and Plaintiffs' "interests are different in kind," *La Union del Pueblo Entero*, 29 F.4th at 309; *see Texas*, 805 F.3d at 663–64, Plaintiffs' representation may be inadequate to protect Intervenors' rights.

For similar reasons, Plaintiffs' "interests are less broad than those of" CMMG. *La Union del Pueblo Entero*, 29 F.4th at 308; *see also Brumfield*, 749 F.3d at 346. As individuals, Plaintiffs would presumably be satisfied by a remedy that exempts them from the Rule by "grandfathering" them under ATF's previous policies. CMMG, on the other hand, must obtain invalidation of the Rule for its interests to be protected. Thus, the Court should find that CMMG's interests are not adequately represented.

Because CMMG has satisfied each prong of the four-part test, this Court should grant intervention as a matter of right.

## II.   ALTERNATIVELY, THE COURT SHOULD GRANT CMMG PERMISSIVE INTERVENTION

"Even if intervention as of right is not available, a district court, in its discretion, may allow a party to intervene[.]" *M2 Tech., Inc. v. M2 Software, Inc.*, 589 F. App'x 671, 675 (5th Cir. 2014). "The requirements for permissive intervention are minimal: the applicant's claim or defense and the main action must have a question of law or fact in common; in determining whether to grant

permissive intervention, the court should consider 'whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.'" *United States v. Colvin*, 203 B.R. 930, 941 (N.D. Tex. 1996) (quoting Fed. R. Civ. P. 24(b)(3)).

CMMG's Motion is timely.  As explained in section I.A., *supra*, CMMG is filing its Motion to Intervene and Proposed Motion for Preliminary Injunction within ten days of Plaintiffs' Motion for Preliminary Injunction, and the government has not yet responded.  Thus, CMMG satisfies the first prong of the permissive-intervention test.

CMMG's "claim . . . and the main action have a question of law or fact in common." *Franciscan All., Inc. v. Azar*, 414 F. Supp. 3d 928, 934, 940 (N.D. Tex. 2019) (citation omitted) (finding that "[e]ven if [] Intervenors could not establish that they are entitled to intervene as of right, the Court would allow them to intervene permissively under Rule 24(b).").  Specifically, both Plaintiffs and CMMG are challenging ATF's authority to reinterpret a criminal statute in a manner that subjects pistols equipped with stabilizing braces to NFA and GCA controls.  Further, as CMMG's Proposed Motion for Preliminary Injunction presents statutory and APA arguments that Plaintiffs have not presented, its "arguments will 'significantly contribute' to the development of the issues." *Id.* at 940 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 472 (5th Cir. 1984)).  For these reasons, CMMG has satisfied the second element.

Finally, CMMG's intervention would not "unduly delay or prejudice the adjudication of the original parties' rights."  Fed. R. Civ. P. 24(b)(3).  Plaintiffs have sought a preliminary injunction and CMMG likewise seeks a preliminary injunction.  CMMG does not seek to extend the schedule or to otherwise slow this litigation.  Furthermore, the government is already defending challenges to its unlawful Rule around the country and, as a coequal branch charged not with winning cases but with taking care to faithfully execute the laws enacted by Congress (and having

9

just concluded an eighteen-month plus rulemaking ostensibly for that purpose), the government cannot complain that it has not had opportunity to contemplate the bounds of its lawful authority and prepare an adequate response to CMMG's arguments.  Therefore, CMMG's participation will not delay this action or prejudice any party.

Because CMMG satisfies each element of the permissive-intervention inquiry, the Court should allow CMMG permissively to intervene if it does not allow intervention as a matter of right.

## CONCLUSION

For these reasons, CMMG should be granted leave to intervene as a party plaintiff and to file the attached Proposed Motion for Preliminary Injunction and Proposed Complaint.

February 17, 2023

/s/ Dusty J. Stockard
Dusty J. Stockard
Texas Bar No.: 24028014
**STOCKARD, JOHNSTON, BROWN
NETARDUS & DOYLE, P.C.**
1030 N. Western
Amarillo, TX 79106
Tel: 806.372.2202
Fax: 806.379.7799
DStockard@sjblawfirm.com

Stephen J. Obermeier*
Thomas M. Johnson, Jr.*
Michael D. Faucette*
Jeremy J. Broggi*
Boyd Garriott*
**WILEY REIN LLP**
2050 M Street NW
Washington, DC 20036
Tel: 202.719.7000
Fax: 202.719.7049
SObermeier@wiley.law
TMJohnson@wiley.law
MFaucette@wiley.law
JBroggi@wiley.law
BGarriott@wiley.law

*pro hac vice forthcoming*

*Counsel for Proposed Intervenor CMMG, Inc.*