# EXHIBIT O

June 24, 2021

**VIA ELECTRONIC TRANSMISSION**

The Honorable Merrick Garland　　　　　　The Honorable Marvin Richardson
Attorney General of the United States　　　Acting Director
U.S. Department of Justice　　　　　　　　Bureau of Alcohol, Tobacco, Firearms & Explosives
950 Pennsylvania Avenue, NW　　　　　　99 New York Avenue, NE
Washington, D.C. 20530　　　　　　　　　Washington, D.C. 20226

Attorney General Garland and Acting Director Richardson:

We write to express our grave concern regarding the Bureau of Alcohol, Tobacco, Firearms & Explosives' (ATF) Proposed Rule 2021R-08, "Factoring Criteria for Firearms with Attached 'Stabilizing Braces,'" published in the Federal Register on June 10, 2021. ATF claims that the objective of the proposed rule is to "clarify" which uses of stabilizing braces bring within the strict regulatory ambit of the National Firearms Act of 1934 (NFA)[1] certain commonly used firearms that are otherwise regulated by the Gun Control Act of 1968 (GCA).[2] But the way the proposed rule is written makes clear that ATF intends to bring the most common uses of the most widely possessed stabilizing braces within the purview of the NFA. Doing so would turn millions of law-abiding Americans into criminals overnight, and would constitute the largest executive branch-imposed gun registration and confiscation scheme in American history. We therefore vehemently oppose this proposed rule and urge its immediate withdrawal.

To one unfamiliar with stabilizing braces, ATF's proposed rule and the accompanying regulatory analysis suggest that these braces are dangerous alterations to firearms designed to help criminals evade federal law. Nothing could be further from the truth, and ATF knows that. After all, it has repeatedly blessed their design, manufacture, sale, and use.

The impetus for the manufacture of stabilizing braces was to assist disabled combat veterans in shooting large pistol platforms that were otherwise too cumbersome for a disabled shooter to use. In 2012, ATF announced that attaching a stabilizing brace to an AR-type pistol did not convert that pistol—regulated by the GCA—into a short-barreled rifle (SBR) regulated by the NFA and subject to the NFA's taxation and registration regime.[3] In 2015, ATF announced that attaching a stabilizing brace to a pistol that could allow the pistol to be fired from the shoulder converted that pistol into an SBR.[4] Just two years later, however, in a letter to a manufacturer, ATF appeared to rescind its indefensible 2015 ruling.[5] ATF thereafter issued private letter rulings blessing a wide array of stabilizing brace configurations from a host of manufacturers.

---

[1] 26 U.S.C. §§ 5801 *et seq.*
[2] 18 U.S.C. §§ 921 *et seq.*
[3] *See* Letter from John R. Spencer, Chief, Firearms Technology Branch, Bureau of Alcohol, Tobacco, Firearms, and Explosives, to Alex Bosco (Nov. 26, 2012).
[4] *See* Open Letter from Max M. Kingery, Acting Chief, Firearms Technology Criminal Branch, Firearms and Ammunition Technology Division, Bureau of Alcohol, Tobacco, Firearms, and Explosives (Jan. 16, 2015).
[5] *See* Letter from Marvin G. Robinson, Assistant Director, Enforcement Programs and Services, Bureau of Alcohol, Tobaccos, Firearms, and Explosives, to Mark Barnes, Esq., Outside Counsel to SB Tactical, LLC (Mar. 21, 2017).

ATF's effective rescission in 2017 of its previous misapplication of the law, combined with its repeated letter rulings approving stabilizing braces, created a thriving market for these stabilizing braces. Millions of law-abiding Americans have purchased braces to add them to their own firearms, or purchased firearms with the braces already attached.[6] They did so in reliance on what the ATF said in 2017 and on a plain reading of the governing statutes. At least eight firms manufacture the braces, including one in Kentucky; thousands of firearm manufacturers have built and sold firearms with braces attached; and tens of thousands of federal firearms licensees have sold firearms with these braces attached.[7] Untold thousands of American jobs are associated with the design, production, marketing, and sale of stabilizing braces.

Having fostered this vibrant market in which millions of law-abiding Americans have participated, ATF now suddenly changes course. Its proposed rule would yank the rug out from under those law-abiding Americans. Though the agency purports to seek comment, the notice and the criteria laid out in the proposed rule make clear that ATF has already made up its mind: the overwhelming majority of braces currently in use are unlawful. ATF is merely covering its retroactive gun grab with a patina of administrative process. The proposed criteria for making the ad hoc determination as to the status of a brace-equipped pistol were reverse engineered by ATF to ensure that they will be subject to NFA regulation as an SBR. If ATF proceeds as it proposes, virtually all stabilizing brace-equipped pistols in circulation will become contraband.

ATF has not disguised its intentions. It stated, for example, that the proposed rule "proposes factors ATF considers when evaluating firearms equipped with a purported 'stabilizing brace' to determine whether these weapons would be considered a 'rifle' or 'short-barreled rifle' under the [GCA] or a 'rifle' or 'firearm' subject to regulation under the [NFA]."[8] "'Pistol' under the GCA" is not even an option on the table for ATF. ATF has adopted vague, confusing, and largely subjective criteria to govern the classification determination. And ATF says that it "reserves the right" to ignore its vague criteria in order to classify a brace-equipped pistol as an SBR if ATF believes that the use of the brace is "an attempt to make a 'short-barreled rifle' and circumvent the GCA or NFA."[9]

ATF seems to believe that re-characterizing millions of pistols as SBRs is no big deal because the agency kindly offers gun owners what it deems to be plenty of means of complying. They can surrender their firearm to ATF.[10] Or, for gun owners who purchased firearms without stabilizing braces and later added one, ATF will permit them to destroy their pistol braces (but not if the gun owners purchased the firearms already equipped with braces). Or they can spend more than $400 to convert a brace-equipped pistol to a long-barreled rifle subject to GCA regulation.[11] (Where gun owners will find $400 lying around for such an undertaking, ATF doesn't venture a guess.) Or, they can register their brace-equipped pistols as SBRs under the NFA and pay a $200 tax on each pistol. Missing from ATF's reasoning, of course, is that, even in its own very conservative estimate, ATF requires many months to process the registration forms for

---

[6] ATF estimates that at least 1.4 million Americans own at least 3 million stabilizing braces. *See* Bureau of Alcohol, Tobacco, Firearms, and Explosives; Factoring Criteria, 85 Fed. Reg. 30826, 30845 (June 10, 2021) (hereinafter "ATF Proposed Rule"). Other estimates suggest that as many as 40 million stabilizing braces have been sold in the United States. Congressional Research Service, *Handguns, Stabilizing Braces, and Related Components* (Apr. 19, 2021), *available at* https://crsreports.congress.gov/product/pdf/IF/IF11763.
[7] ATF Proposed Rule, 85 Fed. Reg. at 30845.
[8] *Id.* at 30826.
[9] *Id.* at 38035.
[10] *Id.* at 30846.
[11] *Id.*

SBRs.[12] Thus, gun owners will have to give up the use of their firearms for months while waiting for ATF to process their registration forms and tax payments.

Moreover, the proposed rule says nothing about how any individual gun owner, gun shop, or manufacturer will go about determining whether an individual brace-equipped pistol is an SBR under the proposed rule's criteria. Does ATF expect individuals to apply the proposed rule's vague and confusing criteria on their own, knowing that a good-faith error could land them in prison?[13] If not, are gun owners expected to ship off their firearms at their own expense to ATF's Firearms and Ammunition Technology Division (FATD) for classification? We understand that FATD currently takes about a year to classify a single firearm under its current workload. Does ATF actually expect millions of gun owners to ship off their firearms to FATD potentially for years while awaiting a classification decision? And if FATD determines that a brace-equipped pistol is an SBR, will ATF confiscate the weapon until the gun owner complies with the NFA's registration and taxation requirements? To where will gun owners turn to appeal FATD's classification, or to sue for a potential taking of private property without compensation? ATF's proposed rule provides no answers to these questions.

Even more offensive than the operation of the proposed rule is its rationale. ATF claims, without evidence, that the "demand for 'stabilizing braces' … stems from the desire to have NFA items without paying for and undergoing the NFA regulatory regime."[14] This statement is shocking. The original demand for stabilizing braces was to promote inclusion—to ensure that disabled veterans could shoot large pistol platforms notwithstanding their disabilities. And demand over the last five years is surely attributable to ATF's classification letters and much publicized effective 2017 letter effectively rescinding its 2015 ruling against stabilizing braces. Demand for stabilizing braces therefore should not be attributed to the lawlessness of gun owners, but rather to their desire to exercise their Second Amendment rights consistent with how ATF interpreted the law in 2017. We are appalled to hear the agency charged with enforcing regulations on how Americans exercise their fundamental constitutional rights assume, without evidence, that millions of Americans are participating in a scheme to avoid their legal obligations.

\* \* \*

A crime wave is sweeping America. These aren't broken-windows crimes; they are violent crimes like murder, assault, and robbery. But rather than cracking down on the criminals who are turning America's cities into warzones, ATF and the Department of Justice have decided to go after law-abiding gun owners who are minding their own business and using equipment that ATF seemingly blessed in 2017.

This is plain wrong. The proposed rule is worse than merely abdicating your responsibility to protect Americans from criminals; you're threatening to turn law-abiding Americans *into* criminals by imposing the largest executive branch-initiated gun registration and confiscation program in American history. We urge you to turn back. Correct this mistake and withdraw the proposed rule.

---

[12] Bureau of Alcohol, Tobacco, Firearms, and Explosives, *Current Processing Times* (last updated Mar. 31, 2021), https://www.atf.gov/resource-center/current-processing-times.

[13] *See* 26 U.S.C. § 5845(a) (defining SBR as a firearm subject to registration and taxation requirements); *id.* § 5871 (imposing prison sentence of up to ten years for possessing an SBR without complying with registration and taxation requirements).

[14] Office of Regulatory Affairs, Bureau of Alcohol, Tobacco, Firearms, and Explosives, Preliminary Regulatory Analysis 18 n.4 (June 2021), available at https://www.atf.gov/file/154876/download; *see also id.* at 14–15 (identifying circumvention of the NFA as a primary rationale for the proposed rule).

Sincerely,

Mitch McConnell

John Kennedy

Chuck Grassley

Mike Braun

James E. Risch

Cindy Hyde-Smith

Thom Tillis

Roger W. Marshall

Tom Cotton

Kevin Cramer

John Boozman

Mike Crapo

Marsha Blackburn

Ben Sasse

Cynthia M. Lummis

James M. Inhofe

Shelley Moore Capito

Steve Daines

000004

| | |
|---|---|
| Roger Wicker | Tim Scott |
| Jerry Moran | Deb Fischer |
| John Barrasso | John Cornyn |
| M. Michael Rounds | Jerry Moran (Sasse) |
| John Kennedy | [signature] |
| John Thune | Ron Johnson |
| Bill Cassidy, M.D. | Todd Young |
| [signature] | Bill Hagerty |
| Mitt Romney | Rand Paul |
| Lisa Murkowski | Joni K Ernst |

000005

_[Signatures]_

Richard Shelby

John Hoeven