IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARREN A. BRITTO, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, <br><br> *Defendant*. | No. 2:23-cv-19-Z |

**<u>DEFENDANT'S OPPOSITION TO CMMG INC.'S MOTION TO INTERVENE</u>**

## INTRODUCTION

Putative intervenor CMMG, Inc., a firearms manufacturer, appears to be based in the Western District of Missouri, and has no apparent connection to this District or this lawsuit. For reasons unknown, CMMG has not filed its own lawsuit in Missouri. And unsurprisingly, CMMG has no legally protectable interest that would be impaired by the disposition of this case, as required to receive intervention as of right. At most, CMMG alleges that the Rule challenged in this matter is impacting its revenues, but that is an interest no more at issue here than in any of the other numerous suits filed across the country opposing the same Rule. Critically, nothing in this lawsuit could estop or otherwise prevent CMMG from litigating its claims as an original plaintiff in a proper forum. CMMG thus comes nowhere close to demonstrating a right to intervene in this matter.

Nor would permissive intervention be appropriate. Plaintiffs are adequately representing CMMG's general opposition to the Rule and allowing CMMG's intervention would unnecessarily complicate this litigation. Intervention would also undermine the interests of comity and judicial economy. Indeed, litigants including two other firearms manufacturers and a related trade association, represented by CMMG's same counsel, and accompanied by twenty-five states, have already brought suit in the District of North Dakota, raising the same claims in their complaint, and the same arguments in their motion for a preliminary injunction, that CMMG wishes to put before this Court. The Court should not condone CMMG's attempt to inject itself into a dispute that it has no connection with, in a forum in which it could not have sued had it initiated a lawsuit on its own behalf. The Motion to Intervene should be denied.

## BACKGROUND

The background of this matter is set forth at length in Defendant's Opposition to Plaintiffs' Motion for a Preliminary Injunction at 2-11, ECF No. 39-1. Accordingly, Defendant provides here only the background information necessary to adjudicate CMMG's Motion to Intervene.

1

Defendant, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), is charged with administration and enforcement of the National Firearms Act, and Gun Control Act. *See* 18 U.S.C. § 926(a); 26 U.S.C. §§ 7801(a)(2)(A), 7805(a). Those statutes mandate that in order to lawfully possess certain types of firearms, such as short-barreled rifles, individuals must register with the ATF, receive approval, and pay a tax, among other requirements. 26 U.S.C. §§ 5801-02, 5811-12, 5821-22, 5841; *see also* 18 U.S.C. §§ 922(a)(4), (b)(4). As relevant here, a short-barreled rifle is a firearm that is "intended to be fired from the shoulder," and "has an overall length of less than 26 inches or a barrel or barrels of less than 16 inches in length[.]" 26 U.S.C. §§ 5845(a)(2), (c).

On January 31, 2023, Defendant published in the Federal Register a final rule: *Factoring Criteria for Firearms With Attached "Stabilizing Braces,"* 88 Fed. Reg. 6,478 (Jan. 31, 2023) ("Rule"). The Rule clarified that the statutory definition of "rifle" can include, under certain circumstances, a weapon equipped with a "stabilizing brace" or similar device. Those devices are generally designed to attach to the rear end of a heavy pistol made with a rifle receiver but no buttstock. *See id.* at 6,479, 6,503, 6,528, 6,547. Given their stock-like designs and function, manufacturers have designed (and even explicitly marketed) various "brace" devices to effectively convert heavy pistols into shoulder-fired weapons, and individual possessors have widely used these devices for that purpose, *id.* at 6,479, 6,527–29, 6,544–47. In order to ensure consistent and predictable firearm classification, the Rule provides a set of factors to be used by ATF for evaluating whether a given firearm is intended to be fired from the shoulder, and thus should be classified as a short-barreled rifle for regulatory purposes. *Id.* at 6,511-13.

Plaintiffs, three individuals who purportedly possess pistols with "stabilizing braces," filed this lawsuit on January 31, 2023, Compl., ECF No. 1, and moved to preliminarily enjoin ATF from enforcing the rule on February 7. Pls.' Mot. for Prelim. Inj., ECF No. 14. CMMG then filed a Motion for Intervention, and a proposed Complaint and Motion for Preliminary Injunction, on

February 17.  ECF Nos. 17, 18, 20.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 24(a)(2) establishes four requirements for intervention as of right: "(1) the application for intervention must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; [and] (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.* ("*NOPSI*"), 732 F.2d 452, 463 (5th Cir. 1984)). "Failure to satisfy any one requirement precludes intervention of right." *Id.* A would-be intervenor bears the burden of establishing that it satisfies each requirement. *See generally Texas v. United States*, 805 F.3d 653 (5th Cir. 2015).

Federal Rule of Civil Procedure 24(b)(1)(B) governs permissive intervention: "On timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Even where these requirements are satisfied, "[p]ermissive intervention 'is wholly discretionary with the [district] court.'" *Kneeland v. Nat'l Collegiate Athletic Ass'n*, 806 F.2d 1285, 1289 (5th Cir. 1987) (quoting *NOPSI*, 732 F.2d at 470-71). In resolving a request for permissive intervention, the Court should consider, *inter alia*, "whether the intervenors' interests are adequately represented by other parties"; "whether they 'will significantly contribute to full development of the underlying factual issues in the suit'"; and "the effect [of intervention] on the existing parties." *NOPSI*, 732 F.2d at 472-73 (citations omitted).

3

## ARGUMENT

I. **CMMG Does Not Have a Right to Intervene in this Case**

A. **CMMG Has No Legally Protectable Interest at Issue**

CMMG cannot satisfy at least three of the four factors required to demonstrate a right to intervene in this matter.[1] First, CMMG lacks a cognizable interest in this action that would permit intervention. CMMG asserts that it has "property interests" involved in this case, meaning that the Rule has purportedly led to lower sales and other economic injuries. CMMG Inc.'s Br. in Supp. of Mot. to Intervene 6, ECF No. 17 ("Mot. to Int."). But an interest in a case that is "purely . . . economic" is "insufficient" to permit intervention of right. *See Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018–19 (5th Cir. 2022); *see also Bartie v. Collier*, No. 2:21-CV-245-Z-BR, 2022 WL 3648570, at *3 (N.D. Tex. Aug. 23, 2022) (Kacsmaryk, J.) ("[T]he applicant's interest relating to the subject of the action must be 'direct and substantial' and must be 'something more than an economic interest.'") (citation omitted).[2]

Courts routinely deny intervention where, as here, a prospective intervenor has only a financial interest in the litigation. *See, e.g., Johnson v. Parsley Energy Operations, LLC*, No.

---

[1] CMMG fails to explain when it learned of any interest in the Rule or this lawsuit, and therefore fails to show that its intervention was timely. *Accord Bank One, Texas, Nat'l Ass'n v. Elms*, 764 F. Supp. 85, 89 (N.D. Tex. 1991) (explaining that "because of the uncertainty as to when" putative intervenor learned of its interest, the court would "not bas[e] its decision relative to the intervention on timeliness"). But even if the Motion were deemed timely, CMMG fails to satisfy any of the remaining factors under Fed. R. Civ. P. 24(a).

[2] To be sure, the Fifth Circuit has held that "economic interests can justify intervention when they are directly related to the litigation." *Wal–Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 568 (5th Cir. 2016). But as explained below, CMMG's economic interest purportedly arises out of the operation of the Rule, not this litigation in particular. And a "mere economic interest not directly related this litigation[]" does not "warrant intervention." *DeOtte v. Azar*, 332 F.R.D. 173, 183 (N.D. Tex. 2019); *see also Citadel Recovery Servs., LLC v. T.J. Sutton Enterprises, LLC*, No. CV 19-12271, 2021 WL 5505533, at *5 (E.D. La. Mar. 15, 2021) ("The 'real party in interest' is the party who, by substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.").

MO21CV00053DCRCG, 2021 WL 8442044, at *5 (W.D. Tex. Oct. 22, 2021) (denying intervention where intervenor "stands to lose significant business," a motive which was "blatantly obvious" as a "merely economic" interest); *DOH Oil Co. v. QEP Res., Inc.*, No. MO:18-CV-152-DC, 2020 WL 7631502, at *4 (W.D. Tex. Mar. 19, 2020) (denying intervention where applicants' interest was "purely economic, which is not sufficient for the purposes of intervention"). CMMG fails to address, let alone overcome, this basic deficiency in its Motion.

Because CMMG lacks a sufficient interest in this suit, it cannot satisfy the next factor, showing a cognizable interest that could be impaired absent intervention. *See Howse v. S/V Canada Goose I*, 641 F.2d 317, 322 (5th Cir. 1981) ("In the absence of some interest in the main action, the remaining considerations of practical harm and adequacy of representation become irrelevant."). And "Rule 24(a)(2) requires a 'practical impairment' of a right beyond the purely economic." *Hinkle v. Phillips 66 Co.*, No. PE:20-CV-00022-DC-DF, 2020 WL 10352346, at *5 (W.D. Tex. Nov. 13, 2020). CMMG has asserted no interest in this suit apart from economic concerns, such that it cannot show that any sufficient interest will be impaired by disposition of this action.

### B. CMMG has no Protectable Interest that Would be Impaired Absent Intervention

Adjudication of this matter would have no effect on CMMG's ability to raise its arguments in another lawsuit, brought in an appropriate original forum. And "if the disposition of a suit will not bar a proposed intervenor from asserting his or her rights in a separate action, the 'impairment' prong of Rule 24(a) typically is not met." *Stewart v. City of Houston*, No. CIV.A H-07-4021, 2009 WL 783319, at *1 (S.D. Tex. Mar. 24, 2009); *see also Bartie*, 2022 WL 3648570, at *3 (Kacsmaryk, J.) (holding that intervention is inappropriate where the proposed intervenor "is free to bring his own lawsuit. Nothing decided in this case will operate to estop him from fully pressing his claims"). CMMG cannot demonstrate that it holds any protectable interest, which would be practically impaired in this matter, and thus fails to satisfy this requirement as well.

5

CMMG brings two meritless arguments on this factor: (1) that CMMG will be injured if "the Rule is preliminarily enjoined as to Plaintiffs but not as to CMMG," and (2) CMMG wishes to "bring to the attention of the Court additional arguments[.]" Mot. to Int. at 7.

CMMG's first contention makes little sense. While CMMG avers that it has been injured by the Rule—an alleged injury it could seek to vindicate through an originally filed action—CMMG does not allege that the company would be *further* injured by an injunction of the rule as to Plaintiffs only.

The company's second argument, that CMMG desires to make certain additional arguments, similarly falls short. Individuals and entities do not have a protectable legal interest in raising specific legal arguments in cases where they are not a party. *See also Louisiana State v. Dep't of Com.*, No. CV 21-1523, 2021 WL 5998519, at *5 (E.D. La. Dec. 20, 2021) (holding that an existing party's "failure to raise certain arguments does not justify intervention[]").

### C. Plaintiffs' Representation of CMMG's Interests is Adequate

Finally, CMMG fails to show that Plaintiffs' representation of CMMG's interests is inadequate. Contrary to CMMG's argument, Mot. at 8, the burden to show inadequate representation is not "minimal," where, as here, "the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Students for Fair Admissions, Inc. v. Univ. of Texas at Austin*, 338 F.R.D. 364, 371 (W.D. Tex. 2021); Mot. to Int. at 5 (CMMG concedes that it "seeks the same ultimate relief as Plaintiffs—that is, to have the Rule held unlawful and set aside"). In this circumstance, representation is "*presumed* to be adequate." *Students for Fair Admissions, Inc.*, 338 F.R.D. at 371 (emphasis added); *see also Texas v. United States*, No. 4:18-cv-00167, 2018 WL 4076510, at *2 (N.D. Tex. June 15, 2018) (denying intervention as of right and permissive intervention by employers because it was "clear" that they "ha[d] the same ultimate objective as Plaintiffs—a declaration from this Court that" a challenged government policy was unlawful); *Supreme Beef*

6

*Processors, Inc. v. USDA*, No. 99-cv-2713, 2000 WL 127281, at *1 (N.D. Tex. Feb. 2, 2000) (denying intervention as of right and permissive intervention by association where, "[a]t the end of the day," both the putative intervenor and the existing plaintiff-association sought "the same relief, a declaration that the [challenged] regulations are not enforceable").

To overcome that presumption, the intervenor must demonstrate "adversity of interest, collusion, or nonfeasance on the part of the existing party[.]" *Students for Fair Admissions, Inc.*, 338 F.R.D. at 371.; *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1020 (5th Cir. 2022) (same). CMMG does not even attempt this showing.

CMMG makes no argument that Plaintiffs' interests are somehow adverse, or that Plaintiffs are acting in a collusive fashion, which would overcome the presumption of adequate representation. At most, CMMG avers that its interests are "different" and "broader" than Plaintiffs', for instance because Plaintiffs are individuals who possess firearms with "stabilizing braces" and CMMG manufactures and sells those products. Mot. to Int. at 8. But while CMMG and Plaintiffs may have different reasons for opposing the Rule, their motivations for filing suit do not make their respective interests adverse. *Accord Texas*, 805 F.3d at 662 ("[A]n intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case.").

While CMMG also speculates that Plaintiffs might seek narrower relief than the invalidation of the Rule, *id.*, such conjecture is belied by CMMG's concession that it "seeks the same ultimate relief as Plaintiffs[.]" Mot. to Int. at 5. In any event, "[d]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (collecting cases). Indeed, the Fifth Circuit recently held that where the existing parties sought in their "operative complaint" the same relief sought by purported intervenors, the intervenors could not claim

7

adversity of interest because of a chance that existing parties might eventually decide to seek different or narrower relief. *Id.*; *see also id.* at 547 (holding no adversity of interests where intervenors could not show that existing parties' "strategy is uniquely favorable to their own interests while placing those of [intervenors] in jeopardy"); *Louisiana State*, 2021 WL 5998519, at *5 ("Speculation about the [existing party's] future strategic choices will not overcome the presumption of adequate representation").

Plaintiffs here seek the general invalidation of the Rule in their operative Complaint, the same relief sought by CMMG. *See* Compl. at 21 (seeking an injunction prohibiting ATF from "promulgating" and "enforcing" the Rule). CMMG's desire to have the rule set aside is thus adequately represented by Plaintiffs here.

* * *

Failure to satisfy even one of the factors set forth above "precludes intervention as of right." *Haspel & Davis Milling*, 493 F.3d at 578. Here, CMMG has failed to satisfy at least three requirements, and as a result their motion should be denied.

**II.     The Court Should Not Grant Permissive Intervention.**

CMMG also argues that, even if it has no right to intervene in this matter, the Court should nonetheless grant permissive intervention. The Court should not. CMMG fails to show any of the circumstances that could support permissive intervention. As noted *supra*, in resolving a request for permissive intervention, the Court should consider, *inter alia*, "whether the intervenors' interests are adequately represented by other parties," *Kneeland*, 806 F.2d at 1289; "whether [intervenors] 'will significantly contribute to full development of the underlying factual issues in the suit,'" *NOPSI*, 732 F.2d at 472-73; "the effect [of intervention] on the existing parties," *id.*; and whether "permissive intervention will achieve judicial economy," *Primerica Life Ins. Co. v. Pawlik*, No. MO:20-CV-63-DC, 2022 WL 1111019, at *2 (W.D. Tex. Apr. 4, 2022) (citation omitted).

8

As explained above, because Plaintiffs will adequately represent CMMG's opposition to the Rule, CMMG cannot show that any deficient representation supports permissive intervention here. Moreover, allowing intervention will unnecessarily expand and complicate the litigation. Already, CMMG has forced the Government to respond to its motion for a preliminary injunction, before it has even been granted intervention, and has created a separate second briefing track on that motion, in addition to Plaintiffs' motion for a preliminary injunction. Courts routinely deny intervention where intervention would mean the litigation would "unnecessarily become more complex," *Aransas Project v. Shaw*, 404 F. App'x 937, 942 (5th Cir. 2010), "without any added benefit," *Nipponkoa Insurance Co. v. Port Terminal Railroad Ass'n*, No. CIV.A. H-10-0284, 2011 WL 1103584, at *2 (S.D. Tex. Mar. 23, 2011); *see Gulf Island Shipyards, LLC v. LaShip, L.L.C.*, No. CV 22-154, 2023 WL 372083, at *6 (E.D. La. Jan. 24, 2023) (explaining that "allowing a permissive intervention when the proposed intervenor and existing party share the same goal, it 'unnecessarily expands the nature of [the] proceeding'").

Moreover, intervention would not "contribute significantly to the development of the underlying factual issues." *Terrebonne Par. Branch NAACP v. Jindal*, No. CV 14-69-JJB-EWD, 2016 WL 2743525, at *6 (M.D. La. May 11, 2016). CMMG concedes that "both Plaintiffs and CMMG are challenging ATF's authority" to promulgate the Rule, whereby "pistols equipped with stabilizing braces [can fall within] NFA and GCA controls." Mot. to Int. at 9. While CMMG purports to raise additional legal arguments along these lines, intervention is improper where "the intervenor merely underlines issues of law already raised by the primary parties." *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984); *see also La Union del Pueblo Entero v. Abbott*, No. SA-21-CV-00844-XR, 2021 WL 5410516, at *3 (W.D. Tex. Nov. 16, 2021) (holding that it was "unclear" how an organization "without any apparent ties to Texas, will be able to aid in the factual development of this case, despite its purported 'unique perspective on the national and constitutional implications' of the

9

lawsuit").

At bottom, "[i]ntervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994); *The Aransas Project v. Shaw*, No. CIVA C-10-75, 2010 WL 2522415, at *14 (S.D. Tex. June 17, 2010) (denying intervention and explaining that "[t]o the extent positions they wish to present to the Court are not argued by the existing parties to this litigation, these entities may participate through *amicus curiae* submissions"). CMMG gives no reason why it cannot voice its opposition to the Rule via an independent lawsuit. Nor does CMMG explain why it was not an original plaintiff in the District of North Dakota action. As explained above, litigants including two firearms manufacturers and a trade association of firearms manufacturers, represented by CMMG's counsel, along with twenty-five states, filed for a Preliminary Injunction against the Rule on the same claims and arguments sought to be advanced by CMMG here. *See Firearms Regulatory Accountability Coal., Inc. v. Garland*, No. 23-cv-24 (D.N.D.), ECF Nos. 1 and 7-1, attached as Exhibits 1 and 2. In any event, CMMG's proposed complaint and motion here closely mirror the papers filed in North Dakota, to the extent that permitting intervention would simply duplicate ongoing litigation.

It is well established that, "'[a]s between federal district courts, . . . the general principle is to avoid duplicative litigation.' The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729-30 (5th Cir. 1985) (citation omitted); *Koch Project Sols., L.L.C. v. All. Process Partners, L.L.C.*, No. 21-20093, 2022 WL 16859961, at *7 (5th Cir. Nov. 11, 2022) ("Federal courts 'should avoid duplicative or piecemeal litigation where possible.'") (citation omitted). Further, "federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's

affairs." *West Gulf,* 751 F.2d at 728.

Courts usually address the prospect of duplicative litigation where "opposing parties have filed separate lawsuits concerning the same core facts." *Carter v. Nicholson*, No. 07-20169, 2007 WL 3316086, at *4 (5th Cir. Nov. 8, 2007). This case, however, presents the curious situation where a group of plaintiffs has filed suit, and now a separate plaintiff, with some of the same counsel, seeks to bring the same claims against the same Defendant by intervening in a separate action in which venue would be improper if CMMG were to sue in its own right.

For present purposes it is sufficient to again note that CMMG has no apparent connection to this District, its counsel has already advanced CMMG's arguments and claims in the District of North Dakota, and the sole apparent basis for intervention here is an apparent preference for this forum. But a desire to litigate in a particular forum cannot support intervention, or logic would demand allowing the intervention of any person or entity affected by and opposed to the ATF Rule. *Accord S.E.C. v. Bear, Stearns & Co., Inc.,* No. 03 Civ. 2937 WHP, 2003 WL 22000340, at *4 (S.D.N.Y. Aug. 25, 2003) (rejecting permissive intervention by investors, and explaining "[w]ere this Court to grant this motion to intervene, it would be logic-bound to allow all investors and interested members of the public with differing viewpoints to intervene in the underlying actions."). For all these reasons, the Court should not permit intervention by CMMG in this matter, and its Motion should be denied.

## CONCLUSION

For the foregoing reasons, the Court should deny CMMG's Motion to Intervene.

Dated: March 10, 2023					Respectfully submitted,

							BRIAN M. BOYNTON
							Principal Deputy Assistant Attorney General

							BRIGHAM J. BOWEN
							Assistant Branch Director

							*/s/ Michael Drezner*
							MICHAEL DREZNER (VA Bar No. 83836)
							JODY D. LOWENSTEIN (MT Bar No. 55816869)
							TAYLOR PITZ (CA Bar No. 332080)
							FAITH E. LOWRY (TX Bar No. 24099560)
							Trial Attorneys
							U.S. Department of Justice
							Civil Division, Federal Programs Branch
							1100 L Street NW
							Washington, DC 20005
							Phone: (202) 514-4505
							Email: Michael.L.Drezner@usdoj.gov

							*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

On March 10, 2023, I electronically submitted the foregoing document with the Clerk of Court for the U.S. District Court, Northern District of Texas, using the Court's electronic case filing system. I hereby certify that I have served all parties electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

/s/ Michael Drezner

Trial Attorney
U.S. Department of Justice