IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DARREN A. BRITTO, *et al.*,

    *Plaintiffs*,

v.

BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,

    *Defendant.*

No. 2:23-cv-19-Z

## DECLARATION OF WILLIAM J. RYAN

I, William J. Ryan, of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), declare that the following statements are true and correct to the best of my knowledge and belief, and that they are based on my personal knowledge as well as information provided to me in the ordinary course of my official duties.

1. I have been employed by ATF since April 2009. Currently, I am the Acting Chief of ATF's Firearms and Ammunition Technology Division ("FATD"). Prior to this position, I was an Assistant Chief Counsel, Firearms and Explosives Law Division, Office of Chief Counsel.

2. FATD provides expert technical support on firearms and ammunition to ATF, the firearms and ammunition industry, the general public, and other law enforcement agencies. The division is the federal technical authority relating to firearms and ammunition and their classification under federal laws and regulations. FATD maintains an extensive firearms reference collection, firearms technical reference files, a reference library, as well as firearms and ammunition resources.

3. Within FATD is the Firearms Technology Industry Services Branch ("FTISB"*)*, which is responsible for providing industry-related technical support to ATF's field operations, other local

law enforcement agencies, the firearms and ammunition industry, and the public, and includes providing examinations and classifications of firearms and ammunition for the firearms industry and responding to inquiries from the general public regarding firearms technology issues.

4. On January 31, 2023, the "Factoring Criteria for Firearms With Attached 'Stabilizing Braces'" ("Rule") was published in the Federal Register. *See* 88 Fed. Reg. 6478. The Rule amended the definition of "rifle" in 27 C.F.R. 478.11 and 479.11 to clarify that the term "designed or redesigned, made or remade, and intended to be fired from shoulder" within that definition includes "a weapon that is equipped with an accessory, component, or other rearward attachment (*e.g.*, a 'stabilizing brace') that provides surface area that allows the weapon to be fired from the shoulder, provided other factors, as listed in the amended regulations … indicate that the weapon is designed, made, and intended to be fired from the shoulder." 88 Fed. Reg. at 6,480.

5. The Rule also explained that "a majority of the existing firearms equipped with a 'stabilizing brace' are likely to be classified as 'rifles' because they are configured for shoulder fire based on the factors described in this rule." 88 Fed. Reg. at 6,480. And "[b]ecause many of these firearms generally have a barrel of less than 16 inches, they are likely to be classified as short-barreled rifles subject to regulation and registration under" the National Firearms Act ("NFA") and Gun Control Act ("GCA"). *Id*. The Rule provides a 120-day period for possessors of such firearms to submit a registration form to be in compliance with the NFA's requirements.

6. While ATF believes possessors of such firearms will themselves be able to apply the factors outlined in the Rule to determine whether they are required to register their firearm, in the interest of providing as much notice as quickly as possible, ATF stated in the Rule that it would publish "information simultaneously with this rule that will inform the public of both (1)

2

common weapon platforms with attached 'stabilizing brace' designs and (2) examples of commercially available firearms equipped with a 'stabilizing brace' that are short-barreled rifles." 88 Fed. Reg. at 6,481.

7. To that end, ATF posted photos of such platforms and design configurations and commercially available firearms with "stabilizing braces" on its website. These postings are not final agency action, and ATF has provided them purely for illustrative purposes.

8. Of the commercially available firearms equipped with "stabilizing braces" 32 models from a variety of manufacturers are posted. In anticipation of the Rule's publication, using the criteria outlined in the Rule, FTISB determined that each such firearm was a short-barreled rifle. ATF's intention was and is to issue formal classification letters to manufacturers explaining its reasoning and analysis behind each classification decision. However, because each model requires a new—or initial—classification letter, and each classification letter must be drafted and reviewed for accuracy and completeness, ATF posted the interim photo guidance instead of waiting to issue the forthcoming classification letters. ATF was concerned that, by sending out classification letters one at a time, it risked running into the 120-day deadline for letters at the end of the queue. Again, the goal was to give the public and manufacturers as much notice as possible in the shortest amount of time to help affected parties come into compliance with the NFA.

9. And while many of these firearms have similar features, because each is unique, each requires its own classification determination, and an "across the board" type classification letter for multiple firearms would not be workable or desirable. ATF is in the process of drafting and reviewing these classification letters and this process will be completed within the next few weeks.

10.     Of the non-commercial common weapon platforms with attached "stabilizing brace" designs, ATF posted the most common weapon platforms with the most common attached brace configurations to include:  the AR type platform with the SBA4, SBM4, SOB, SBX-K, SB-Mini, SBL, SBPDW, Shockwave, MFT BMPSB, MFT Breach 2.0, and Tailhook Mod 2 braces; the Glock type platform with the FLUX, Recover Tactical 20/20N, Shockwave, SBA3, FAB Defense KPOS Slingshot, CAA Micro Roni Kit, CAA MCK Gen 2, CAA MCK Gen 3 Kit and PSB braces; the AK type platform with the ARTF and SBL braces, the H&K type platform with the SB5, SBT5KA and HKPDW braces, the pistol caliber configuration type platform with the Strike Industries MPX, Magpul BTR, CZPDW and SBT5A braces; the rifle caliber configuration type platform with the SBA3, SBG-G2, Gear Head Works Tailhook Mod 1 braces; and the MAC type platform with the SBA3 and Shockwave Blade braces.

11.     For these common platforms, individuals assemble the weapons in various configurations.  They may submit their firearm to ATF for classification for a definitive determination.  Applying the factors in the Rule however, the combinations of frame or receiver and "braces" identified in the interim guidance are likely to be short-barreled rifles, and thus must be registered within the 120 days.  However, because any number of barrel and accessory combinations can affect weight, length, and other relevant criteria, ATF cannot proactively send out classification letters for these non-commercially made firearms.  Moreover, in any event, because individuals may have configured these weapons themselves, ATF does not know who should receive such a classification letter.  And finally, such classifications may stretch well beyond 120 days thus denying individuals the opportunity to register the firearms under the terms of the Rule.

Executed on this 10th day of March, 2023.

                                            _____
William J. Ryan
Acting Chief
Firearms and Ammunition Technology Division
Bureau of Alcohol, Tobacco, Firearms and Explosives