UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARREN A. BRITTO, GABRIEL A. TAUSCHER, and SHAWN M. KROLL,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES,<br><br>Defendant. | Case No. 2:23-cv-00019-Z |

### CMMG INC.'s REPLY IN SUPPORT OF MOTION TO INTERVENE

The Rule at issue in this litigation effects a seismic shift in federal firearm regulation. Although the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") has, for more than a decade, repeatedly held that braced pistols fall outside National Firearms Act ("NFA") and heightened Gun Control Act ("GCA") regulation, its new Rule says the opposite, subjecting millions of such products to onerous federal firearms controls. And although ATF's past position was instrumental in fostering the thriving market for pistol stabilizing braces, the agency now touts that the Rule will force four of the five existing brace manufacturers out of business. *See* Final Regulatory Impact Analysis and Final Regulatory Flexibility Analysis, at 76–77 (Jan. 2023) ("Regulatory Analysis"), Compl. Ex. B, Dkt. # 18-2.

ATF principally opposes CMMG's intervention to challenge the Rule on the grounds that CMMG has "no legally protectable interest that would be impaired by the disposition of this case" and "no apparent connection to this District." Defs.' Opp'n Mot. Intervene 1 (Mar. 10, 2023) ("Opp'n"), Dkt. # 41. Both arguments are wrong.

To begin, CMMG derives half its revenues from the sale of braced pistols. Reinkemeyer Decl. ¶¶ 5, 14, Compl. Ex. G, Dkt. # 18-7. ATF says the Rule will cause it to deem 99% of braced

pistols "short-barreled rifles," Regulatory Analysis at 21, making them unsellable. ATF has already ruled that CMMG's pistol "model Banshee with SBA3 attached" is a "short-barreled rifle." ATF, Commercially Available Firearms Equipped with a "Stabilizing Brace" that are Short-Barreled Rifles, at 6 ("Firearms Adjudication"), Compl. Ex. D, Dkt. # 18-4 (capitalization corrected). As a result, this is not a generalized financial harm—CMMG's formerly robust sales have stopped. Reinkemeyer Decl. ¶¶ 5, 14. On this record, ATF's claim that CMMG has no protectable interests is patently incorrect.

Equally untenable is ATF's assertion that CMMG has no connection to the forum. As an initial matter, there is no legal requirement for an intervenor to show a connection to the forum. But regardless, Texas is the biggest firearms market in the country. "[M]ore guns are purchased here than in any other state." Caroline Covington, *Texas' complex relationship with firearms*, Texas Tribune (July 28, 2022), https://www.texastribune.org/2022/07/28/texas-gun-stats/; *see* ATF, *Firearms Commerce in the United States* 16, 22 (2021), https://www.atf.gov/firearms/docs/report/2021-firearms-commerce-report/download. CMMG, unsurprisingly, derives a substantial portion of its revenues from Texas—including from about 60 dealers located in the Northern District and sales in Amarillo. *See* Supplemental Declaration of Chris Reinkemeyer ¶¶ 5–8, Reply Ex. A ("Supp. Decl."). CMMG's ties are substantial.

Throughout its brief, ATF argues CMMG should have sued somewhere else—anywhere else. But all that would do is require ATF to address CMMG's arguments there, in addition to addressing Plaintiffs' challenge here. It is thus hard to see how defending another lawsuit would advance ATF's professed goal of avoiding "duplicative litigation." Opp'n 11. Indeed, parties challenging ATF regulations have repeatedly been allowed to intervene under similar circumstances, making ATF's objection truly baseless. *See, e.g.*, *VanDerStock v. Garland*, No.

4:22-cv-691-O, 2022 WL 19023858 (N.D. Tex. Dec. 19, 2022).

## ARGUMENT

### I.  ATF CONFIRMS CMMG IS ENTITLED TO INTERVENE AS OF RIGHT.

CMMG is entitled to intervene as of right because it timely sought to protect interests that will be impaired by this litigation, and which are not adequately represented by the existing parties. CMMG's Mem. Supp. Mot. Intervene 4–8 (Feb. 17, 2023) ("Mem."), Dkt. # 17.  And at the very least, permissive intervention is appropriate.  Although ATF would prefer CMMG—and its important regulatory arguments—remain on the sidelines, the Fifth Circuit has articulated a "broad policy favoring intervention."  *La Union del Pueblo Entero v. Abbott*, 29 F.4th 299, 305 (5th Cir. 2022) (citation omitted).  CMMG easily carries its "minimal burden."  *Ibid.*

#### A.  CMMG's Intervention Is Timely.

In a footnote, ATF suggests intervention is untimely.  Opp'n 4 n.1.  In addition to being waived, *see John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1076 (3d Cir. 1997) (Alito, J.), the argument is wrong.  CMMG intervened approximately two weeks after the complaint was filed; before ATF answered, opposed Plaintiffs' motion, or even appeared.  *See Crossroads Grassroots Pol'y Strategies v. FEC*, 788 F.3d 312, 320 (D.C. Cir. 2015) ("The Commission has never questioned timeliness, most likely because Crossroads filed an intervention motion before the FEC had even entered an appearance.").

Furthermore, ATF cannot show prejudice.  *See Ass'n of Pro. Flight Attendants v. Gibbs*, 804 F.2d 318, 320–21 (5th Cir. 1986) ("The parties opposing the intervention have failed to show they were prejudiced by the [five months] delay[.]").  Its citation to *Bank One, Texas, Nat'l Ass'n v. Elms*, 764 F. Supp. 85 (N.D. Tex. 1991), is thus misplaced.  There, unlike here, intervenors delayed "approximately fifteen months after the filing of the pleading that prompted . . . the

3

intervention." *Id.* at 89. Here, the case has just begun, and ATF already responded to CMMG's motion for preliminary injunction. There is no prejudice, and intervention is timely.

**B.     ATF Fails To Rebut CMMG's Interest.**

In the Fifth Circuit, "the intervenor has a stake in the matter" when his interest "goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) (reversing denial of intervention); *see Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018 (5th Cir. 2022) ("what is important is 'whether the intervenor has a stake in the matter that goes beyond a generalized preference that the case come out a certain way'" (citation omitted)). CMMG easily satisfies this standard because the Rule "threatens" its "property interests," *Texas*, 805 F.3d at 658-60, and "regulates [its] conduct," *La Union del Pueblo Entero*, 29 F.4th at 305–06.

Prior to the Rule, CMMG derived half its revenues from the sale of braced pistols. Reinkemeyer Decl. ¶¶ 5, 14. ATF says that under the Rule it will deem 99% of braced pistols "short-barreled rifles" subject to enhanced federal controls. Regulatory Analysis at 21. As the Proposed Complaint explains, these controls make braced pistols undesirable to CMMG's customers and therefore unsellable. Proposed Complaint ¶¶ 7, 18–28, 76, 87–104 (Feb. 17, 2023), Dkt. # 18; *see* Reinkemeyer Decl. ¶¶ 17–19; Supp. Decl. ¶¶ 9–10.

Furthermore, ATF has specifically ruled that CMMG's "model Banshee with SBA3 attached" is a "short-barreled rifle" under the Rule. Firearms Adjudication 6. And ATF made dozens more reclassifications implicating other weapons CMMG sells. *See id.*; Supp. Decl. ¶ 10; ATF, Common Weapon Platforms with Attached "Stabilizing Brace" Designs that are Short-Barreled Rifles, Compl. Ex. C, Dkt. # 18-3. Because of the Rule and adjudications, CMMG has lost all revenues from braced pistols. Reinkemeyer Decl. ¶¶ 5, 14. *See also* Mem. 6–7.

4

ATF concedes (as it must) both CMMG's actual "financial" losses and the legal point "that economic interests can justify intervention when they are directly related to the litigation." *Wal-Mart Stores, Inc. v. Texas Alcoholic Beverage Comm'n*, 834 F.3d 562, 568 (5th Cir. 2016) (collecting cases); *see* Opp'n 4 & n.2. Contrary to ATF's protestations, however, the Fifth Circuit has repeatedly held that parties are entitled to intervention where, as here, the litigation will determine the legality of a federal rule that affects their economic interests.

In *Sierra Club v. Espy*, 18 F.3d 1202 (5th Cir. 1994), the Fifth Circuit authorized intervention because changes in federal land management policy implicated "the economic concerns of the timber industry." *Id.* at 1208; *see La Union del Pueblo Entero*, 29 F.4th at 309 (explaining that, in *Sierra Club*, "the intervenors sought to vindicate only their economic interests"). And in *VanDerStock*, the district court authorized intervention by a firearms manufacturer that, like CMMG here, had a "protectable interest in keeping its doors open." 2022 WL 19023858, at *4. The inapposite cases ATF cites do not arise from rulemaking and, in all events, reject ATF's suggestion of "a bar preventing all intervention premised on 'economic interests.'" *Wal-Mart*, 834 F.3d at 567. CMMG has established its legally protectable interests.

### C. ATF Fails To Rebut CMMG's Showing That Its Interests Will Be Impaired.

Because CMMG has established legally protectable interests, there can be no serious doubt "that the disposition of the action may, as a practical matter, impair or impede its ability to protect that interest." *Field*, 35 F.4th at 1017 (brackets omitted) (citation omitted). If the Rule is upheld or is enjoined only as to Plaintiffs, CMMG's right to sell braced pistols absent NFA and heightened GCA regulation will be lost, at least in this district, and potentially the entire Fifth Circuit.

ATF claims otherwise, asserting CMMG could "raise its arguments in another lawsuit." Opp'n 5. But even if that were true, the Fifth Circuit recognizes that "an intervenor's interest 'is impaired by the *stare decisis* effect of the district court's judgment.'" *Sierra Club*, 18 F.3d at 1207

5

(quoting *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1204 (5th Cir. 1992)).  If this Court rules against Plaintiffs, "the precedential effect" of that "adverse resolution . . . would impair [CMMG's] ability to protect [its] interest" elsewhere.  *Ibid.*[1]

CMMG's interest could also be impaired even if Plaintiffs are successful.  In challenges to the Rule across the country, ATF has repeatedly argued that district courts must tailor relief to the forum.  *See Colon v. ATF*, No. 8:23-cv-223 (M.D. Fla.); *Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-cv-24 (D.N.D.); *Miller v. Garland*, No. 1:23-cv-195 (E.D. Va.); *Mock v. Garland*, No. 4:23-cv-95 (N.D. Tex.); *Second Amend. Found. v. ATF*, No. 3:21-cv-116 (N.D. Tex.); *Texas v. ATF*, No. 6:23-cv-13 (S.D. Tex.); *Watterson v. ATF*, No. 4:23-cv-80 (E.D. Tex.).  That is wrong.  *See Cargill v. Garland*, 57 F.4th 447, 472 (5th Cir. 2023) (en banc) ("vacatur of an agency action is the default rule in this Circuit"); *Texas v. United States*, 787 F.3d 733, 768–69 (5th Cir. 2015) (denying request "that the injunction be confined to Texas").  But ATF's argument shows why intervention is needed in this District.

Texas is the biggest firearms market in the country.  "[M]ore guns are purchased here than in any other state."  Caroline Covington, *Texas' complex relationship with firearms*, Texas Tribune (July 28, 2022), https://www.texastribune.org/2022/07/28/texas-gun-stats/; *see* ATF, *Firearms Commerce in the United States* 16, 22 (2021), https://www.atf.gov/firearms/docs/report/2021-firearms-commerce-report/download (identifying Texas as State with the most NFA registrations, special occupancy taxpayers, and federal firearms licensees).  CMMG, unsurprisingly, derives a

---

[1] ATF's citation to *Bartie v. Collier*, No. 2:21-cv-245-Z-BR, 2022 WL 3648570 (N.D. Tex. Aug. 23, 2022) (Kacsmaryk, J.), is misplaced.  There, the original pro se prisoner plaintiff complained about "the inadequacy of meal delivery."  *Id.* at *2.  The Court held resolution would not impair the interests of a different prisoner, who complained about other "food service" and "noise" issues.  *Id.* at *3.  In ATF's other case, "[t]he motion to intervene [was] granted."  *Stewart v. City of Houston*, No. H-07-4021, 2009 WL 783319, at *2 (S.D. Tex. Mar. 24, 2009).

substantial portion of its revenues from Texas—including from about 60 dealers located in the Northern District and sales in Amarillo. Supp. Decl. ¶¶ 5–8. It thus made perfect sense for CMMG to intervene in this case, the first challenge filed in the Northern District after publication of the Rule.

Tellingly, ATF does not assert that intervention would create a venue or jurisdictional issue. Nor could it. "It is well established that intervention presupposes the pendency of an action in a court of competent jurisdiction." *Lopez v. Sw. Airlines Co.*, No. 3:08-CV-1975-O, 2013 WL 12121233, at *5 (N.D. Tex. July 10, 2013) (citing *Kendrick v. Kendrick*, 16 F.2d 744, 745 (5th Cir. 1926)). Thus, "in diversity actions a plaintiff-intervenor who would destroy diversity" may be excluded on timely objection by "an existing party." 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1918 (3d ed.). But where, as here, "the main action is premised on a federal question," federal jurisdiction remains regardless, so "venue objections should not be entertained." *Ibid.* It is thus hornbook law that ATF cannot object to intervention on the ground that CMMG is based in Missouri.

### D. ATF Fails To Rebut CMMG's Showing That Its Interests Are Unrepresented.

Eliding the Supreme Court's teaching that "the burden of demonstrating inadequate representation" is "'minimal,'" *Students for Fair Admissions, Inc. v. Univ. of Tex. at Austin*, 338 F.R.D. 364, 371 (W.D. Tex. 2021) (quoting *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972)), ATF asserts CMMG must show "adversity of interest, collusion, or nonfeasance on the part of the existing party," Opp'n 7 (citation omitted). But that heightened standard is an "exception[ ]" to the "general rule" and has no application where, as here, intervenors' "interests diverge from" existing parties' interests. *Students for Fair Admissions*, 338 F.R.D. at 371.

ATF's own briefs prove the divergence. Responding to Plaintiffs' motion, ATF argues this court must "not attempt to decide [the Rule's] legality for all parties" but should restrict "any

7

preliminary injunction . . . prohibiting ATF from enforcing the relevant requirements against *Plaintiffs*." Defs.' Opp'n Pls.' Mot. Prelim. Inj. 43 (Feb. 28, 2023) (emphasis added), Dkt. # 33; *see* Defs.' Opp'n CCMG's Mot. Prelim. Inj. 30 (Mar. 10, 2023) ("preliminary relief . . . should be no broader than necessary to redress CMMG's alleged, cognizable injuries"), Dkt. # 42. If this Court accepts that theory, then ATF could potentially moot the case by allowing Plaintiffs to retain their unregistered firearms.

But that would not redress CMMG's injuries. Because CMMG manufactures braced AR-15 pistols and sells them to the public, relief for CMMG means setting the Rule aside for it and its customers. Mem. 8; *see VanDerStok v. Garland*, No. 4:22-CV-691-O, 2022 WL 4809376, at *9 (N.D. Tex. Oct. 1, 2022) (explaining manufacturer's "customers must be covered by the preliminary injunction"). Given ATF's arguments that this Court must limit any remedy to Plaintiffs only, CMMG hardly "speculates" (*contra* Opp'n 7) when it points out that its interests diverge from Plaintiffs' interests.

In all events, CMMG's presentment of different arguments and evidence overcomes any presumption. Opp'n 6–7. Plaintiffs have shown the Rule threatens their individual rights to keep and bear arms. CMMG, by contrast, would show that the Rule unlawfully destroyed the market for braced pistols by misinterpreting the NFA and GCA and that the adjudications are invalid. Proposed Compl. ¶¶ 7, 10–12, 17–28, 76, 101, 127–57; Reinkemeyer Decl. ¶¶ 14–18. Another court in this District recently held that a firearms manufacturer was not adequately represented on similar facts. *See VanDerStok*, 2022 WL 19023858, at *4. Because the differences between their injuries would permit Plaintiffs to "accept a [narrower] victory," CMMG "has demonstrated that it may be inadequately represented in the lawsuit." *Wal-Mart*, 834 F.3d at 569.

ATF's own authority underscores the point. In *Students for Fair Admissions*, the court

8

*rejected* the argument ATF advances here—*i.e.*, that the original party was an adequate representative. 338 F.R.D. at 371. Just like CMMG here, movants there identified "evidence and arguments . . . unlikely to be put forth by" the existing party. *Id.* at 372. On that basis, the court held them entitled to intervention "[e]ven assuming, *arguendo*, that either of the two presumptions of adequate representation applies." *Id.* at 371. Because CMMG would similarly present evidence and arguments Plaintiffs have not raised, ATF has failed to rebut CMMG's showing that it is entitled to intervention as of right.

**II.    ATF CONFIRMS PERMISSIVE INTERVENTION IS APPROPRIATE.**

CMMG has also shown that it qualifies for permissive intervention because its claim is timely, shares commonalities with the main action, and would not prejudice ATF. Mem. 8–10. ATF's objections are unpersuasive.

ATF asserts prejudice because "CMMG has forced the Government to respond to its motion for preliminary injunction" and "created a separate second briefing track." Opp'n 9.[2] But the second track was ATF's choice, as it twice sought leave to file additional pages without also seeking alignment of the briefing schedules. Regardless, "prejudice is measured by the delay in seeking intervention, *not the inconvenience to the existing parties of allowing the intervenor to participate in the litigation.*" *VanDerStock*, 2022 WL 19023858, at *3 (second emphasis added) (quoting *Sierra Club*, 18 F.3d at 1206). Thus, ATF's preference for fewer litigants cannot show prejudice when CMMG's intervention was timely.

ATF next contends intervention is "not appropriate" because it wishes CMMG had intervened "in North Dakota." Opp'n 10 (citation omitted). But CMMG is based in Missouri, so

---

[2] Why ATF believes it was "forced" to respond to CMMG's preliminary injunction motion prior to intervention being granted remains unclear. Regardless, that ATF did so effectively waives its intervention opposition, and recognizes that there was no basis for opposition in the first place.

ATF would presumably have tried to force CMMG out of the North Dakota ligation, too. More fundamentally, the North Dakota litigation might not provide the relief CMMG needs because there, just like here, ATF argues "[n]ationwide" relief "is unjustified." Defs.' Opp'n Pls.' Mot. Prelim. Inj. 40, *Firearms Regul. Accountability Coal., Inc. v. Garland*, No. 1:23-cv-24 (D.N.D.), Dkt. # 63. And CMMG needs relief in Texas.

In fact, CMMG needs and is seeking nationwide relief because its customer base is dispersed. *See Texas*, 787 F.3d at 768–69 (denying request "that the injunction be confined to Texas"); *Associated Builders & Contractors of Se. Tex. v. Rung*, No. 1:16-cv-425, 2016 WL 8188655, at *5, *15 (E.D. Tex. Oct. 24, 2016) (enjoining "on a nationwide basis" and observing "federal courts in the Fifth Circuit have regularly enjoined federal agencies from implementing and enforcing new regulations pending litigation challenging them"). But to the extent ATF is successful in wrongly imposing geographic limits, CMMG must at a minimum guarantee its right to sell firearms in Texas.

That ATF would oppose CMMG's intervention in this forum is troubling. When all the accusations of forum shopping are stripped away, at bottom, ATF's "principal assertion of prejudice" appears to be "that the grant of intervention [would] cause[ ] them to appear before Judge [Kacsmaryk], rather than a randomly selected judge." *United States v. LULAC*, 793 F.2d 636, 645 (5th Cir. 1986). But ATF has "no greater right to avoid appearing before a particular judge than [it] ha[s] to select one." *Ibid.* This Court should reject ATF's meritless arguments and grant intervention.

## CONCLUSION

Because CMMG is entitled to intervene as of right and qualifies for permissive intervention, the Court should grant the Motion.

| | |
|---|---|
| March 20, 2023 | <u>/s/ Stephen J. Obermeier</u><br>Stephen J. Obermeier (*pro hac vice*)<br>Thomas M. Johnson, Jr. (*pro hac vice*)<br>Michael D. Faucette (*pro hac vice*)<br>Jeremy J. Broggi (*pro hac vice*)<br>Boyd Garriott (*pro hac vice*)<br>**WILEY REIN LLP**<br>2050 M Street NW<br>Washington, DC 20036<br>Tel: 202.719.7000<br>Fax: 202.719.7049<br>SObermeier@wiley.law<br>TMJohnson@wiley.law<br>MFaucette@wiley.law<br>JBroggi@wiley.law<br>BGarriott@wiley.law<br><br>Dusty J. Stockard<br>Texas Bar No.: 24028014<br>**STOCKARD, JOHNSTON, BROWN NETARDUS & DOYLE, P.C.**<br>1030 N. Western<br>Amarillo, TX 79106<br>Tel: 806.372.2202<br>Fax: 806.379.7799<br>DStockard@sjblawfirm.com<br><br>*Counsel for Proposed Intervenor CMMG, Inc.* |