IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| DARREN A. BRITTO, *et al.*, | |
| Plaintiffs, | |
| v. | 2:23-CV-019-Z |
| BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES, | |
| Defendant. | |

## ORDER

Before the Court is CMMG, Inc.'s ("CMMG") Motion to Intervene ("Motion") (ECF No. 16), filed on February 17, 2023. Having considered the Motion, briefing, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

The National Firearms Act of 1933 ("NFA"), 26 U.S.C. §§ 5801–5872, regulates the manufacture, possession, and transfer of a limited group of "firearms" that "Congress has found to be inherently dangerous and generally lacking usefulness, except for violent and criminal purposes." *United States v. Jennings*, 195 F.3d 795, 799 (5th Cir. 1999). "[T]he primary reason that unregistered possession of these particular weapons is a crime is the virtual inevitability that such possession will result in violence." *Id.*; *see also United States v. Freed*, 401 U.S. 601, 609 (1971) (NFA applies to "highly dangerous offensive weapons"); *Steele v. Nat'l Firearms Act Branch*, 755 F.2d 1410, 1412 (11th Cir. 1985) (NFA applies to weapons that are "deemed particularly inimical to public safety"). Included within NFA's definition of "firearms" are "rifles" with barrels less than 16 inches — also known as "short-barreled rifle[s]" ("SBRs") as that term is defined by the Gun Control Act of 1968. *See* 26 U.S.C. § 5845(a)(3); 18 U.S.C. § 921(a)(8).

> Under the NFA, the term "rifle" means:
>
> a weapon designed or redesigned, made or remade, and intended to be fired from the shoulder and designed or redesigned and made or remade to use the energy of the explosive in a fixed cartridge to fire only a single projectile through a rifled bore for each single pull of the trigger, and shall include any such weapon which may be readily restored to fire a fixed cartridge.

26 U.S.C. § 5845(c). Hence, a weapon that is a "rifle" per this definition with a barrel less than 16 inches constitutes an SBR — *i.e.*, a "firearm" under the NFA. SBRs — like all "firearms" — must be identified on a central registry, along with the identification and address of the person entitled to possess the rifle. 26 U.S.C. § 5841. SBR owners must also pay a transfer tax of $200. 26 U.S.C. § 5811. A person who violates these requirements is potentially subject to a $10,000 fine and 10 years imprisonment. 26 U.S.C. § 5871.

Absent from the NFA's definition of "firearms" are any references to handguns or pistols, except that "a pistol or revolver having a barrel with a smooth bore designed or redesigned to fire a fixed shotgun shell" falls within the NFA's definition of "firearm." 26 U.S.C. § 5845(e). Thus, common handgun and pistol owners are ordinarily not subject to the NFA. Some larger pistols — due to their weight and recoil — may be difficult to fire with one hand, especially for individuals with limited strength or mobility. For these pistols, a "stabilizing brace" may be attached to provide support and improve accuracy. ECF No. 15 at 9. From 2012 to 2018, the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") issued several classifications of stabilizing braces concluding that a brace does not "redesign" a gun to be fired from the shoulder. 88 Fed. Reg. at 6,478. In other words, pistols with stabilizing braces were once not considered SBRs. But ATF then became aware that newer brace designs "began to include characteristics common to shoulder stocks." ECF No. 33 at 19.

2

After the March 2021 mass shooting in Boulder, Colorado — in which the shooter was armed with an AR-type pistol equipped with a stabilizing brace — ATF determined it was necessary to clarify how it evaluates these weapons. *Id.* at 21. On January 31, 2023, ATF published a new rule ("Rule") that clarified the statutory phrase "designed, redesigned, made or remade, and intended to be fired from the shoulder." *See id.* at 22; 88 Fed. Reg. at 6,478. Under the Rule, this phrase includes any weapon that is equipped with a stabilizing brace that provides "surface area" allowing the weapon to be fired from the shoulder, "provided that other factors indicate that the weapon is designed, made, and intended to be fired from the shoulder." *Id.* The result of the Rule is that anyone in possession of a handgun or pistol re-classified by ATF as an SBR faces criminal penalties unless they comply with the NFA within 120 days of the Rule's publication date. Fed. Reg. at 6,480.

Plaintiffs are three decorated Marine veterans who possess pistols with stabilizing braces. ECF No. 15 at 14–15. Plaintiffs claim the Rule is unconstitutional and otherwise violates the Administrative Procedure Act ("APA"). Specifically, Plaintiffs claim the Rule: (1) violates the Second Amendment; (2) violates separation of powers principles and the nondelegation doctrine; (3) conflicts with the NFA's definition of "rifle"; (4) is arbitrary and capricious; and (5) is void for vagueness. *Id.* at 16–28. For those reasons, Plaintiffs seek an injunction prohibiting ATF from enforcing the Rule. *Id.* at 31. CMMG — a firearms manufacturer for which braced pistols account for 85 percent of its firearm sales — moved to intervene. ECF No. 17 at 3.

**LEGAL STANDARD**

**A. Intervention as of Right**

Federal Rule of Civil Procedure 24(a) states that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the

subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Thus, an applicant for intervention is entitled to intervention as of right if:

> (1) the application for intervention is timely;
>
> (2) the applicant has an interest relating to the property or transaction which is the subject of the action;
>
> (3) the applicant is so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and
>
> (4) the applicant's interest is inadequately represented by the existing parties to the suit.

*Rotstain v. Mendez*, 986 F.3d 931, 936–37 (5th Cir. 2021) (internal marks omitted). "Failure to satisfy any one requirement precludes intervention of right." *Haspel & Davis Milling & Planting Co. v. Bd. of Levee Comm'rs of the Orleans Levee Dist.*, 493 F.3d 570, 578 (5th Cir. 2007). "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal–Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016).

### B. Permissive Intervention

Alternatively, Federal Rule of Civil Procedure 24(b)(1) provides that "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Permissive intervention is appropriate when: "(1) timely application is made by the intervenor, (2) the intervenor's claim or defense and the main action have a question of law or fact in common, and (3) intervention will not unduly delay or prejudice the adjudication of the rights of the original parties." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 189 n.2 (5th Cir. 1989).

Courts should consider "whether the intervenors are adequately represented by other parties and whether they are likely to contribute significantly to the development of the underlying factual issues." *Id.* at 189. Courts also deny permissive intervention where the case would "unnecessarily become more complex" without "any added benefit." *See Aransas Project v. Shaw*, 404 Fed. Appx. 937, 942 (5th Cir. 2010); *Nipponkoa Ins. Co. v. Port Terminal R.R. Ass'n*, No. CIV.A. H-10-0284, 2011 WL 1103584, at *2 (S.D. Tex. Mar. 23, 2011); *see also Gulf Island Shipyards, LLC v. LaShip, L.L.C.*, No. CV 22-154, 2023 WL 372083, at *6 (E.D. La. Jan. 24, 2023) (allowing permissive intervention when the proposed intervenor and existing party share the same goal "unnecessarily expands the nature of the proceeding and increases the time and amount of discovery that may be required") (internal marks omitted).

ANALYSIS

A. CMMG Cannot Intervene as of Right

1. Timeliness

The "threshold consideration of any motion to intervene is timeliness," which rests within the discretion of the district court. *Corley v. Jackson Police Dep't*, 755 F.2d 1207, 1209 (5th Cir. 1985). "The requirement of timeliness is not a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994) (internal marks omitted). Determining the timeliness of a motion to intervene entails consideration of four factors: "(1) the length of time during which the intervenor actually knew or reasonably should have known of his interest in the case; (2) the extent of prejudice to the existing parties to the litigation; (3) the extent of prejudice to the would-be intervenor; and (4) unusual circumstances." *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (internal marks omitted). These factors provide a

"framework and 'not a formula for determining timeliness.'" *John Doe No. 1 v. Glickman*, 256 F.3d 371, 376 (5th Cir. 2001) (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1004 (5th Cir. 1996)).

Here, CCMG filed the Motion within 10 days of Plaintiffs' motion for preliminary injunction and before ATF even appeared in the case. For that reason, parties would not be prejudiced by intervention. And the Court ascertains no unusual circumstances. The Motion is therefore timely.

2. <u>The interest of the intervenor</u>

Intervenors must also "claim[] an interest relating to the property or transaction that is the subject of the action." FED. R. CIV. P. 24(a)(2). This requires the intervenor to establish that it has "a stake in the matter that goes beyond a generalized preference that the case come out a certain way." *Texas v. United States*, 805 F.3d 653, 658 (5th Cir. 2015).

Here, CMMG has an established interest relating to this action. Approximately 45 percent of CMMG's revenues are attributable to pistols sold equipped with stabilizing braces. ECF No. 17 at 6. Because of the Rule, CMMG has lost roughly $300,000 in returned products and $500,000 in canceled orders. *Id.* Since the notice for the Rule became public in early 2021, CMMG has reduced its full-time employees by 7 percent. *Id.* And CMMG anticipates an additional 15-20 percent reduction in the next 3-6 months. *Id.*

ATF maintains that CMG only asserts a purely "economic" interest, which is "insufficient to permit intervention as of right." ECF No. 41 (citing *Field v. Anadarko Petroleum Corp.*, 35 F.4th 1013, 1018–19 (5th Cir. 2022)). The Fifth Circuit has held that "an economic interest alone is insufficient, as a legally protectable interest is required for intervention under Rule 24(a)(2)." *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 466 (5th Cir. 1984)

("*NOPSI*"). But "*NOPSI* did not create a bar preventing all intervention premised on 'economic interests.'" *Wal–Mart*, 834 F.3d at 567. "Those cases have instead suggested that an economic interest is not sufficiently direct when the intervenor's interest will only be vindicated by a separate legal action or, as in *NOPSI*, when the intervenor's relationship is too removed from the dispute." *Id.* at 568. After *NOPSI*, the Fifth Circuit has "continued to hold that economic interests can justify intervention when they are directly related to the litigation." *Id.* (citing *Espy*, 18 F.3d at 1207).

ATF asserts "CMMG's interest purportedly arises out of the operation of the Rule, not this litigation in particular." ECF No. 41 at 5 n.2. The Court is not persuaded by this distinction. ATF does not argue that CMMG's interest "will only be vindicated by a separate legal action." *Wal-Mart*, 834 F.3d at 568. Nor does ATF argue CMMG's interest is "too far removed from the dispute." *Id.*; *see also DeOtte v. Azar*, 332 F.R.D. 173, 183 (N.D. Tex. 2019) (finding only an "attenuated interest" where Nevada was concerned over the "ripple effects" of a class-wide injunction that would "ultimately result in an economic burden on the State"). In *Espy*, for example, the Fifth Circuit held that "lumber companies had an interest sufficient for intervention because their existing timber contracts were threatened by an injunction potentially prohibiting the Forest Service from selling certain timber." *Brumfield v. Dodd*, 749 F.3d 339, 343 (5th Cir. 2014) (internal marks omitted). Analogous facts are present here. *See* ECF No. 17 at 5 ("CMMG is sustaining lost revenue, compliance costs, reputational harm, and faces the risk of having to close its doors for good."). Because the Rule threatens CMMG's property interests, CMMG has an "interest" for purposes of Rule 24(a)(2).

3. Practical impairment of ability to protect interest

CMMG must also show "that disposing of the action may as a practical matter impair or impede" their interests. FED. R. CIV. P. 24(a)(2). Intervention as of right "generally is not

7

appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994) (internal marks omitted). Here, CMMG asserts its interest will be impaired if intervention is denied because "some courts in this District have held that preliminary relief only applies to the parties before the Court." ECF No. 17 at 7. Furthermore, an intervenor's interest "is impaired by the *stare decisis* effect of the district court's judgment." *Espy*, 18 F.3d at 1207 (internal marks omitted). "[B]ecause of the precedential effect of the district court's decision, an adverse resolution of the action would impair [CMMG's] ability to protect their interest." *Id.*

This argument has less force when parallel litigation exists in other courts. For example, another court in this District — in a case involving a plaintiff gun manufacturer challenging the same Rule — recently denied the plaintiffs' request for preliminary injunctive relief. *See Mock v. Garland*, No. 4:23-CV-00095-O, 2023 WL 2711630 (N.D. Tex. Mar. 30, 2023). By asking for a favorable ruling from this Court, CMMG concedes that this Court is not bound by any *stare decisis* effect of the *Mock* order. It is also not clear that an adverse judgment from this Court would impair CMMG's interests any more than the decision in *Mock*. If CMMG "is not in the suit, it will not be affected by stare decisis, res judicata, the law of the case, or any other doctrine that could render its claim incapable of legal enforcement." *Diaz v. S. Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir. 1970). And the Court doubts CMMG would be unsatisfied with an order enjoining ATF from enforcing the Rule simply because it was not a party to the case. But even if CMMG has identified a practical impairment in its ability to protect its interest, it cannot intervene as of right for reasons explained below.

4. <u>Adequacy of representation</u>

A "presumption of adequate representation arises when the would-be intervenor has the same ultimate objective as a party to the lawsuit." *Edwards*, 78 F.3d at 1005. The presumption exists so that the adequacy of representation requirement "ha[s] some teeth." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (quoting *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014)). "In such cases, the application for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Edwards*, 78 F.3d at 1005. "In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests in a manner germane to the case." *Texas*, 805 F.3d at 662–63 (finding inadequate representation where the federal government had taken stances on DAPA that were directly adverse to the Jane Does seeking to intervene). "Such adversity, collusion, or nonfeasance must be more than merely theoretical; there must be a 'serious probability' that the existing party and the movant may not share the same ultimate objective." *Helt v. Sethi Petroleum, L.L.C.*, No. 20-40240, 2022 WL 127977, at *1 (5th Cir. Jan. 13, 2022) (quoting 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1909 (3d ed.)).

Here, CMMG admits that it "seeks the same ultimate relief as Plaintiffs — that is, to have the Rule held unlawful and set aside." ECF No. 17 at 5. Accordingly, CMMG must overcome the presumption of adequate representation. This CMMG cannot do. CMMG has not shown any "adversity of interest, collusion, or nonfeasance" on the part of Plaintiffs. *Texas*, 805 F.3d at 662; *see also Brackeen v. Zinke*, No. 4:17-CV-00868-O, 2018 WL 10561984, at *5 (N.D. Tex. June 1, 2018) (denying intervention as of right where the proposed intervenor shared "the same ultimate objectives" as existing defendants and "demonstrated no adversity of interest, collusion, or

nonfeasance"). Rather, CMMG only points out that its requested relief diverges from ATF's — the opposing party — position on that relief. *See* ECF No. 45 at 10 (ATF argues nationwide relief "is unjustified," whereas "CMMG needs and is seeking nationwide relief"). Furthermore, the mere fact that Plaintiffs "are individuals" whereas CMMG is a manufacturer does not prove inadequate representation.[1] CMMG avers that its "presentment of different arguments and evidence overcomes any presumption." *Id.* at 8. But "[d]ifferences of opinion regarding an existing party's litigation strategy or tactics used in pursuit thereof, without more, do not rise to an adversity of interest." *Guenther*, 50 F.4th at 543 (collecting cases). In other words, CMMG "cannot point to an interest of theirs that is unique to and — at a minimum — *potentially* in conflict with those of the" Plaintiffs. *Id.* at 545. Therefore, CMMG cannot intervene as of right.

### B. Permissive Intervention Should Not Be Granted

Permissive intervention should also not be granted. For reasons explained, CMMG is adequately represented by Plaintiffs. Because parallel litigation also exists in this District, CMMG is likely adequately represented by the plaintiffs in that case as well. Furthermore, two firearms manufacturers and a trade association of firearms manufacturers, along with 25 states, are seeking the same relief against the Rule in the District of North Dakota. *See Firearms Regulatory Accountability Coal., Inc., et al. v. Garland, et al*, No. 1:23-CV-024, ECF No. 1 (D.N.D. Jan. 4, 2023); *see also State of Texas et al v. Bureau of Alcohol, Tobacco, Firearms and Explosives et al.*, 6:23-CV-013, ECF No. 1 (S.D. Tex. Feb 9, 2023); ECF No. 22 (notice of related cases). And the Court doubts CMMG will contribute to the development of the underlying factual issues in this

---

[1] CMMG asserts Plaintiffs "would presumably be satisfied by a remedy that exempts them from the Rule by 'grandfathering' them under ATF's policies." ECF No. 17 at 8. But Plaintiffs have requested no such relief. And CMMG does not explain how the Court could provide that relief. *See* Mila Sohoni, *The Power to Vacate a Rule*, 88 GEO. WASH. L. REV. 1121, 1122 (2020) ("A court might set aside the rule as to some provisions and not others, but it generally does not set aside the rule (or its provisions) as to some parties and not others; vacatur leaves no rule (or provision) in place to enforce against anyone.").

suit. "The function of the district court [in APA cases] is to determine whether or not as a matter of law the evidence in the administrative record permitted the agency to make the decision it did." *City & Cty. of San Francisco v. United States*, 130 F.3d 873, 877 (9th Cir. 1997) (internal marks omitted). "[T]he entire case on review is a question of law, and only a question of law." *Pol'y & Rsch., LLC v. U.S. Dep't of Health & Hum. Servs.*, 313 F. Supp. 3d 62, 74 (D.D.C. 2018) (internal marks omitted). To the extent CMMG wishes to present new arguments to this Court, CMMG may participate through *amicus curiae* submissions. *See Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984). Of course, CMMG is also free to file its own lawsuit challenging the Rule. Finally, CMMG has already unnecessarily complicated this case by filing its motion for preliminary injunction before the Court ruled on the instant Motion — thereby inviting motions practice and burdening ATF before the Court permitted CMMG to intervene. *See* ECF Nos. 19, 42, 45. For these and other reasons outlined in ATF's response (ECF No. 41), the Court finds permissive intervention is not warranted.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion.

**SO ORDERED.**

April 14, 2023

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE