IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

DARREN A. BRITTO, *et al.*,

    *Plaintiffs*,

v.                                                                                    No. 2:23-cv-19-Z

BUREAU OF ALCOHOL, TOBACCO,
FIREARMS, AND EXPLOSIVES.

    *Defendant*.

### JOINT STATUS REPORT

The parties respectfully submit this joint status report pursuant to the Court's Order of June 26, 2023. ECF No. 61. That Order stayed proceedings in this matter pending the appeal in *Mock v. Garland*, No. 23-10319, and instructed the parties to file a joint status report within seven days of the issuance of the Fifth Circuit's mandate in *Mock*.

On August 1, 2023, a divided panel of the Fifth Circuit issued a decision in *Mock*. The panel majority reversed the district court's order denying the plaintiffs' motion for a preliminary injunction for failure to demonstrate a likelihood of success on the merits, and remanded for the district court to determine in the first instance whether the plaintiffs are entitled to preliminary relief. *Mock v. Garland*, 75 F.4th 563 (5th Cir. 2023). Specifically, the panel majority held that plaintiffs in *Mock* were likely to succeed on their argument that the "Final Rule was not a logical outgrowth of the Proposed Rule[.]" *Id.* at 586. The panel majority "decline[d] to address" plaintiffs' other statutory and constitutional arguments. *Id.* at 578. Finally, the panel majority in *Mock* did not decide whether plaintiffs there had shown irreparable harm, and thus whether a preliminary injunction was appropriate, instead remanding the issue to the district court to decide. *Id.* at 588. Judge Willett wrote

1

a short concurrence addressing his views on the Second Amendment, *id.* at 588, and Judge Higginson authored a dissent, *id.* at 589.

The Fifth Circuit's decision on likelihood of success does not control here, as Plaintiffs do not raise a logical outgrowth claim. And a determination the remaining factors, irreparable harm and balance of the equities, is necessarily plaintiff-specific. Accordingly, the Court should proceed to adjudicate Plaintiffs' Motion for a Preliminary Injunction on its own merits.

Dated: September 29, 2023

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

BRIGHAM J. BOWEN
Assistant Branch Director

*/s/ Michael Drezner*
MICHAEL DREZNER (VA #83836)
JODY D. LOWENSTEIN (MT #55816869)
FAITH E. LOWRY (TX #24099560)
TAYLOR PITZ (CA #332080)
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Phone: 202-514-4505
Email: Michael.L.Drezner@usdoj.gov

*Attorneys for Defendants*

WISCONSIN INSTITUTE FOR
LAW & LIBERTY, INC.

*/s/ Daniel P. Lennington*
Richard M. Esenberg (Admitted pro hac vice)
Daniel P. Lennington (Admitted pro hac vice)
Lucas T. Vebber (Admitted pro hac vice)
330 East Kilbourn Avenue, Suite 725
Milwaukee, WI 53202
Telephone: (414) 727-9455
Facsimile: (414) 727-6385

2

Rick@will-law.org
Dan@will-law.org
Lucas@will-law.org

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023, I electronically filed the foregoing document with the Clerk of Court using this Court's CM/ECF system, which will notify all counsel of record of such filing.

*/s/ Michael Drezner*
MICHAEL DREZNER
Trial Attorney
U.S. Department of Justice
